UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KENNETH COLVIN, JR., # 192744, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:01-cv-168 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| BRUCE CURTIS, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

This was a habeas corpus action brought *pro se* by petitioner pursuant to 28 U.S.C. § 2254. The matter is now before the court on petitioner's "MOTION TO RE-OPEN PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO FEDERAL RULE [OF] CIVIL PROCEDURE 60(B)." (docket # 73). Upon review, I find that petitioner's motion constitutes a second or successive habeas corpus application and recommend that the motion be transferred to the United States Court of Appeals for the Sixth Circuit.

**Procedural History**

Petitioner is serving sentences of life without parole on two first-degree felony murder convictions, life sentences on three assault-with-intent-to-murder convictions, and a consecutive term of two years on a felony firearm conviction. The fourteen grounds petitioner raised in his November 13, 2001 habeas corpus petition were analyzed at length in a seventy-three page report and recommendation. (docket # 52). Upon *de novo* review, Chief Judge Robert Holmes Bell found

no merit in petitioner's objections, adopted the report and recommendation, held that all the grounds raised by petitioner were meritless and that ten of the fourteen grounds were also barred by procedural default, and entered judgment on April 1, 2003 denying the petition. (docket # 56).

The United States Court of Appeals for the Sixth Circuit granted a certificate of appealability on the issue of whether petitioner's Confrontation Clause rights were violated when a redacted statement from his brother was admitted as evidence at trial. On December 17, 2004, the Court of Appeals affirmed this court's decision denying the petition. The Court of Appeals held that the controlling Supreme Court precedent at the time the state courts issued their decisions was *Ohio v. Roberts*, 448 U.S. 56 (1980), and that in admitting the statement under the *Roberts* standard and finding no Confrontation Clause violation, the decisions of the state courts were not an unreasonable application of Supreme Court precedent. Petitioner's Confrontation Clause argument did not satisfy the requirements for relief under 28 U.S.C. 2254(d). The Court of Appeals found that petitioner's claims must be judged against the clearly established Supreme Court precedent in existence at the time the state courts decided petitioner's case. 28 U.S.C. § 2254(d). The standard later enunciated by the Supreme Court in 2004 in *Crawford v. Washington*, 124 S. Ct. 1354 (2004), did not apply because the Supreme Court did not decide *Crawford* until "long after" the state courts had decided petitioner's case. (Op. at 3). Furthermore, the Court of Appeals held that petitioner's Confrontation Clause claim was meritless because admission of the statement "amounted to no more than harmless error." (Op. at 3). On October 20, 2005, the Supreme Court denied petitioner's petition for *certiorari*, and the Court later denied petitioner's request for rehearing. On May 30, 2006, petitioner filed the present motion pursuant to Rule 60(b) asking this court to "re-open" his habeas corpus petition for purposes of deciding whether *Crawford* should be given retroactive application.

**Discussion**

The Supreme Court has defined the circumstances in which a motion, although denominated as one for relief under Rule 60(b), must nevertheless be deemed a second or successive habeas corpus application subject to the restrictions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005). Application of the Court's holding in *Gonzalez* leads to the conclusion that petitioner's present motion must be deemed a second or successive application.

In *Gonzalez*, the Supreme Court held that Rule 60(b) remains viable in the habeas corpus context only to the extent that it is not "inconsistent with" AEDPA and other applicable statutory restrictions on post-conviction relief. 125 S. Ct. at 2646. A Rule 60(b) motion is second or successive when it "seeks vindication of" or "advances" one or more "claims." 125 S. Ct. at 2647-48. A claim is an asserted federal basis for relief from a judgment of conviction; a motion can be said to bring a claim if it attacks a federal court's previous resolution of a claim "on the merits." *Id.* A motion does not attack a determination on the merits when the motion attacks, not the substance of the federal court's resolution of a claim on the merits, "but some defect in the integrity of the federal habeas proceedings." *Id.* at 2648. The Supreme Court specifically held that a Rule 60(b) motion based on a purported change in the substantive law governing a claim or a motion that seeks to reargue a claim already litigated must be considered a second or successive application for relief. *Id.* at 2647; *see In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1353 (2006); *Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1621 (2006). Petitioner's motion is a second or successive application because it seeks to re-litigate a Confrontation Clause claim petitioner unsuccessfully litigated in this court and in the Sixth Circuit, *and* because it is based on a purported change in the substantive law governing that claim. The

Sixth Circuit held that the Supreme Court's decision in *Crawford* did not apply because it was not the clearly established Supreme Court precedent in existence at the time the state courts decided petitioner's case.[1]  28 U.S.C. § 2254(d)(1).  (Op. at 3).  Petitioner's attempt to reargue the issue is obviously a second or successive application.  *See, e.g.*, *Alley v. Bell*, Nos. 05-6876, 06-5552, 2006 WL 1279050 (6th Cir. May 15, 2006).  Furthermore, petitioner claims that *Crawford* announced "a retroactive new rule of law."  (Motion, ¶ 3).  The Supreme Court squarely held in *Gonzalez* that a Rule 60(b) motion based on a purported change in the substantive law governing the claim must be treated as a second or successive petition.  125 S. Ct. at 2647.  To do otherwise would circumvent the requirement of section 2244(b)(2)(A) that "the only new law on which a successive petition may rely is a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,[2] that was previously unavailable.'"  *Id.* at 2647-48.  Consequently, the grounds raised in petitioner's motion are claims on the merits under the meaning of *Gonzalez*, and must be treated as a second or successive application for habeas corpus relief under section 2254.

A second or successive application for habeas relief must be certified by the United States Court of Appeals for the Sixth Circuit as provided in 28 U.S.C. § 2244 before it may be entertained by this court.  Where, as here, a lower court determines that a purported Rule 60(b) motion is in fact a second or successive application, the district court is obliged to transfer the case

---

[1] The Sixth Circuit conducts appellate review of this court's decisions, not the other way around.  The doctrine of law-of-the-case would also prevent this court from granting petitioner's motion.  *See Waste Mgmt of Ohio Inc. v. City of Dayton*, No. 04-4326, 2006 WL 620648, at * 8 (6th Cir. Mar. 13, 2006) (The law of the case doctrine is "rigidly applied to enforce a lower court's obedience to a higher court. . . .").

[2] The Sixth Circuit has held that *Crawford* does not apply retroactively to cases on collateral review.  *See Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005).  The Supreme Court has never made *Crawford* applicable to cases on collateral review.

to the United States Court of Appeals for the Sixth Circuit for review under section 2244. *See In re Bowling*, 422 F.3d at 440. The issue of whether petitioner's application must be denied "because he seeks to re-litigate claims previously raised in his initial habeas petition, which is not permitted under 28 U.S.C. § 2244(b)(1)," must be determined by the Court of Appeals rather than this court. 422 F.3d at 440.

### **Recommended Disposition**

For the foregoing reasons, I conclude that petitioner's motion (docket # 73) must be treated as a second or successive application for section 2254 relief. I recommend that petitioner's motion be transferred to the Court of Appeals in accordance with the procedure established by *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


Dated: June 5, 2006          /s/ Joseph G. Scoville
                             United States Magistrate Judge


### **NOTICE TO PARTIES**
Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).